UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RAYMOND BEACH,<br><br>                            Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                            Defendant. | Case No. 1:17-cv-01034-EPG<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD<br><br>(ECF No. 14) |

## I. BACKGROUND

On March 28, 2018, Monica Perales of Law Offices of the Lawrence D. Rohlfing filed a motion to withdraw as attorney of record for Plaintiff, Keith Raymond Beach. (ECF No. 14.) Ms. Perales attests that has been unable to communicate or otherwise obtain substantive direction from Plaintiff. (*Id*. at 1.) Therefore, the attorney-client relationship has completely broken down and counsel is unable to prosecute this case. (*Id.*at 1-2.)

On April 27, 2017, the Court held a hearing on the motion. Ms. Perales and counsel for the Commissioner of Social Security, each appeared telephonically. On April 2, 2018, Plaintiff Beach was ordered to personally appear for the hearing. (ECF No. 15.) However, Plaintiff Beach failed to appear. Ms. Perales confirmed that her last communication with Plaintiff Beach was in

1

July 2017, and she has not received a response to numerous letters and telephone calls to Plaintiff Beach since that time.

**II. DISCUSSION**

Rule 182(d) of the Local Rules of the United States District Court, Eastern District of California provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. "Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." Local Rule 182(d). Under those rules, permissive withdrawal of an attorney is allowed when, among other things, a client "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rule of Prof'l Conduct 3-700(C)(1)(f).

Courts maintain the discretion to grant or deny a motion to withdraw as counsel. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(d).

Here, good cause exists to grant Monica Perales of Law Offices of the Lawrence D. Rohlfing leave to withdraw as Petitioner's counsel of record. Ms. Perales has amply established that she is unable to continue representation of Plaintiff, who has not communicated with his counsel since July 2017. Ms. Perales has established that she is unable to prosecute this case without substantive input from her client.

**III. ORDER**

For the reasons set forth above, the motion (ECF No. 14) is **GRANTED**.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Monica Perales of Law Offices of the Lawrence D. Rohlfing is relieved as counsel of record for Plaintiff Beach;

2. Petitioner shall be substituted in to proceed in the case *pro se* and all future communications shall be directed to Plaintiff directly at:

    Keith Raymond Beach

    4336 W. Harvard Ave.

    Fresno, CA 93722

3. Within 14 days after entry of this Order, Ms. Perales shall provide Plaintiff with a copy of his complete case file, if she has not already done so;

4. Within 30 days after entry of this Order, Plaintiff Beach shall file a notice with this Court indicating whether he intends to continue to proceed in this case *pro se* or whether new counsel will represent him in this matter. Upon receipt of the notice, the Court will reset the briefing schedule; and

5. Failure to file the notice in as directed will result in dismissal of this case without prejudice for failure to prosecute.

The Court strongly recommends that Petitioner retains new counsel to represent him in this litigation. In the event he is unable to do so, Petitioner is responsible for complying with all court rules and applicable laws. Failure to do so, and failure to comply with any order of the court, may result in sanctions or dismissal of this action. Petitioner is also advised to keep the Court apprised of his current mailing address and telephone number. Failure to do so may result in dismissal of this action.

IT IS SO ORDERED.

Dated: **April 27, 2018**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE